# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|                                    |   |                              |
|------------------------------------|---|------------------------------|
| SANDRA JACKSON,                    | ) |                              |
|                                    | ) |                              |
| **Plaintiff,**                     | ) |                              |
|                                    | ) |                              |
| vs.                                | ) | CIVIL ACTION NO. 09-019-CG-N |
|                                    | ) |                              |
| WAL-MART STORES, INC., et al.,     | ) |                              |
|                                    | ) |                              |
| **Defendants.**                    | ) |                              |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sandra Jackson, brought this lawsuit against the defendant, Wal-Mart Stores, Inc. ("Wal-Mart"),[1] in state court for injuries she alleges she suffered when she tripped and fell at a Wal-Mart store. The plaintiff asserts a state-law claim of negligence. Wal-Mart removed the case to this court pursuant to 28 U.S.C. §§ 1332 and 1441 which grant federal jurisdiction when the parties have completely diverse state citizenship and the amount in controversy exceeds $75,000. This matter is now before this court on Wal-Mart's motion for summary judgment and supporting brief (Docs. 25 & 26), the plaintiff's response (Doc. 29), and Wal-Mart's reply (Doc. 30). For the reasons set forth below, the motion is due to be **GRANTED**.

## FACTS

On the morning of December 26, 2006, the plaintiff and her two sons entered a Wal-Mart Supercenter store in Mobile, Alabama, through the Garden Center entrance. (Doc. 29-2, Jackson Dep., pp. 17-19). Upon entering the store, the plaintiff stopped at a display of Christmas lights. (Id., p. 18). The boxes of lights were stacked atop a pallet which was positioned in the middle

---

[1] The defendant states in his motion for summary judgment that it was incorrectly identified and is, in fact, Wal-Mart Stores East, L.P. (Doc. 25, p. 1).

of the aisle. (Id., p. 20). The boxes were stacked approximately three and a half feet high or about as high as the plaintiff's waist. (Id., p. 21). This display is a seasonal item that Wal-Mart removes from the store after the season ends. (Doc. 29-3, p. 8, ¶ 8).

After looking at the display, the plaintiff turned away and tripped over three or four boxes of lights which were on the floor near the display, but not on the pallet. (Doc. 29-2, Jackson Dep., pp. 18, 23-24, 55-56). The plaintiff testified that each box was larger than eight and a half inches wide and eleven inches long. (Id., p. 26). The plaintiff stated that the incident occurred "immediately" when she turned. (Id., p. 22). The plaintiff maintains that she did not see the boxes before tripping over them. (Doc. 29-4, Jackson Decl., ¶ 6). Wal-Mart maintains that it generally conducts "store wide safety sweeps" every three hours and such a sweep would have included the area where the alleged incident occurred. (Doc. 29-3, p. 10, ¶ 13).

Upon tripping on these boxes, the plaintiff fell to her knee and landed on the boxes of lights. (Doc. 29-2, Jackson Dep., p. 25). Her sons helped her get up off the floor, and the plaintiff then went to the customer-service counter to report the incident. (Id., pp. 27-28). Thereafter, the plaintiff completed her shopping and left the store. (Id., pp. 32). The plaintiff alleges that she suffered injuries to her left knee and back due to the incident, and that she ultimately needed surgery to repair the damage to her left knee. (Id., pp. 37-39).

## LEGAL ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that

party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal quotation and citation omitted).

### B. Plaintiff's Negligence Claim

The evidence presented by the plaintiff and Wal-Mart establishes that the plaintiff was a business invitee upon Wal-Mart's premises at the time of the incident, and, as such, Wal-Mart owed her a duty to exercise reasonable care in maintaining a reasonably safe premises for the use of its customers; or, if the premises were in a dangerous condition, Wal-Mart was obligated to give sufficient warning so that the plaintiff might avoid danger by the use of ordinary care. See Cuevas v. W.E. Walker, Inc., 565 So.2d 176, 177 (Ala. 1990); Boudousquie v. Marriott

4

Management Services Corp., 669 So.2d 998, 1000 (Ala.Civ.App. 1995).[2] A premises owner, however, owes no duty to protect invitees from all conceivable dangers they might face while on the premises because "'[t]he owner of a premises... is not an insurer of the safety of his invitees." In other words, "[t]here is no presumption of negligence which arises from the mere fact of an injury to an invitee.'" Ex parte Harold L. Martin Distrib. Co. 769 So.2d 313, 314 (Ala. 2000)(quoting Tice v. Tice, 361 So.2d 1051, 1052 (Ala. 1978)). Instead, "'[t]he entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries. Therefore, if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable.'" Jones Food Co. v. Shipman, 981 So.2d 355, 363 (Ala. 2006)(quoting Quillen v. Quillen, 388 So.2d 985, 989 (Ala. 1980)). In sum, the plaintiff must prove that her "'fall resulted from a defect or instrumentality on the premises; that the defect was the result of the defendant's negligence; and that the defendant had or should have had notice of the defect before the time of the accident.'" Henderson v. Dollar General Corp., slip op., 2009 WL 959560, at *6 (S.D.Ala. Apr. 7, 2009)(quoting Hale v. Sequoyah Caverns & Campgrounds, Inc., 612 So.2d 1162, 1164 (Ala. 1992)).

Wal-Mart argues that summary judgment is due to be granted because the plaintiff "cannot present any evidence of constructive notice regarding the length of time the hazard may have been on the floor or, alternatively, that Wal-Mart created the condition which caused" the

---

[2] This case was removed to this court on the basis of diversity jurisdiction, thus the laws of the State of Alabama apply. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941)(holding that a federal court sitting in diversity must apply the choice of law rules of the forum state).

plaintiff's injuries. (Doc. 26, p. 7).[3] The plaintiff makes no attempt to argue that Wal-Mart should be held liable because it had actual notice of the hazard, and the court finds that the evidence before this court would not support such a conclusion.

Other than actual notice, the plaintiff may prove constructive notice through evidence tending to show a condition had been present for a sufficient period of time that the defendant should have been aware of its presence. Dunklin v. Winn-Dixie of Montgomery, Inc., 595 So.2d 463, 464 (Ala. 1992); Cash v. Winn-Dixie of Montgomery, Inc., 418 So.2d 874, 876 (Ala. 1982). However, if the evidence presented "amounts to little more than speculation or conjecture as to the nature of the substance on the floor, as to the length of time the substance was on the floor, and as to whether the defendants were delinquent in not discovering the substance and cleaning it up", then "the defendants [are] entitled to a summary judgment." Speer v. Pin Palace Bowling Alley, 599 So.2d 1140, 1143-1144 (Ala. 1992); see also Henderson v. Dollar General Corp., slip op., 2009 WL 959560, at *6 (S.D.Ala. Apr. 7, 2009)(The plaintiff "will not meet her burden of proving actual or constructive knowledge with speculative testimony.").

Viewing the evidence in a light most favorable to the plaintiff, this court finds no direct evidence as to how long the thee or four boxes of Christmas lights were on the floor prior to the incident. Furthermore, there is no circumstantial evidence indicating how long the boxes had been on the floor. Cash, 418 So.2d at 876("it is permissible to allow a jury to infer the length of time from the nature and condition of the substance... [like] where the substance is dirty,

---

[3] Wal-Mart also seeks summary judgment on the ground that the hazard that caused the fall was an open and obvious hazard which should have been seen by the plaintiff in the exercise of ordinary care for her own personal safety. This court need not and does not address this contention to resolve the motion before the court.

crumpled, mashed...")(citing S. H. Kress & Co. v. Thompson, 103 So.2d 171 (Ala. 1957)). Indeed, the boxes may have been dropped there by a customer only minutes before the plaintiff's fall. As a result, this court concludes that there is no genuine issue of material fact as to Wal-Mart's actual or constructive notice of the three or four boxes on the floor next to the display, thus the motion for summary judgment is due to be granted.

However, in lieu of proving notice, the plaintiff makes the following two assertions: (1) an exception to the notice requirement applies in this case because the hazard was part of Wal-Mart's premises; and (2) the defendant "affirmatively created the hazard by either presumably placing the boxes in the aisle or by not picking them up out of the aisle during one of its safety sweeps."[4] (Doc. 29, pp. 13- 15).

There are two recognized exceptions to the rule that an invitee must show that the premises owner knew or should have known of the defective condition at the time of the invitee's injury. See Edwards v. Intergraph Services Co., 4 So.3d 495, 503 (Ala.Civ.App. 2008). One of these exceptions is when the owner fails to perform a reasonable inspection or maintenance of the premises to discover and remedy the defective condition. See e.g., Kmart Corp. v. Peak, 757 So.2d 1138 (Ala. 1999)(holding that notice of defect in store's automatic door would be imputed to the store based on the store's failure to investigate the cause of a previous

---

[4] The plaintiff also asserts that summary judgment is due to be denied because Wal-Mart has not submitted any evidence to support a prima facie case as to the issue of whether it had notice of the boxes. (Doc. 29, p. 12). On September 25, 2009, Wal-Mart submitted a motion for summary judgment, a supporting brief, proposed undisputed facts, and a copy of the plaintiff's deposition. (See Docs. 25-27). These documents satisfy Wal-Mart's initial burden. As a result, the burden shifts to the plaintiff who "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

malfunction of its automatic door and to report the malfunction to door installer); Norris v. Wal-Mart Stores, Inc., 628 So.2d 475, 478 (Ala. 1993)(holding that when a 10-pound box of toothpaste fell from the upper shelf in a store and struck customer's head, a jury question was presented with respect whether reasonable maintenance of the premises would have included notice of the lack of "'fencing' or 'snap-railing' on the uppermost level of the shelf").

The second exception applies when the defendant affirmatively creates the condition. In such a situation, the court shall presume notice. See e.g., Denmark v. Mercantile Stores, Inc., 844 So.3d 1189, 1194 (Ala. 2002)(customer who tripped over a roll of plastic shopping bags was not required to establish store's actual or constructive knowledge of the hazard because the store's employees created the hazard); Wal-Mart Stores, Inc. v. Rolin, 813 So.2d 861, 864 (Ala. 2001)(customer who tripped over a barbecue grill that was protruding from a box was not required to establish store's actual or constructive knowledge of the dangerous condition when the store's employees created the dangerous condition); Wal-Mart Stores, Inc. v. McClinton, 631 So.3d 232, 234 (Ala. 1993)(customer who jammed his foot on a gun cabinet protruding into the store aisle was not required to establish store's actual or constructive knowledge of the hazardous condition which was created by store's employees).

Relying on Mims v. Jack's Restaurant, 565 So.2d 609(Ala. 1990), the plaintiff proposes a third exception: that it does not need to show notice because the loose boxes on the floor were part of Wal-Mart's premises.[5] (Doc. 29, p. 13-14). Yet, a close reading of Mims reveals that that

---

[5] The plaintiff also relies on Wal-Mart Stores, Inc. v. Rolin, 813 So.2d 861 (Ala. 2001) for this proposition. In Rolin, the supreme court of Alabama held that a customer who tripped over a barbecue grill that was protruding from a box was not required to establish the premises owner's actual or constructive knowledge of the hazardous condition because "there [was] evidence to indicate that the hazardous condition was created by employees of the premises

8

case does not stand for such a broad exception. In <u>Mims</u>, a restaurant customer was injured when she tripped and fell over a loose threshold at the entrance to the restaurant. The evidence indicated that "some screws were missing" from the threshold. <u>Mims</u>, 565 So.2d at 610. The court first determined that "in cases where the alleged defect is a part of the premises... once a plaintiff has made a prima facie showing that a defect in a part of the premises has caused an injury, then the question whether the defendant had actual or constructive notice of the defect will go to the jury," irrespective "of whether the plaintiff makes a prima facie showing that the defendant had or should have had notice of the defect at the time of the accident." However, the court narrowed the apparent broadness of this statement when it positioned its decision squarely within the first recognized exception - failure to maintain or inspect the premises - with the following language: "a defective threshold... or a display rack is a fixture that requires ordinary and reasonable maintenance in order to provide safe premises for the store's customers." <u>Id.</u> at 610-611. Regardless, even if <u>Mims</u> stood for this proposition, boxes laying in the middle of the floor are not part of the premises since they are not "fixtures" like a door threshold or display rack.

Furthermore, the first recognized exception - failure to maintain or inspect the premises - does not apply in this case as these boxes are not the type of fixture like shelves or an automatic door that requires maintenance. Additionally, there is no evidence that Wal-Mart failed to properly inspect or maintain that area of the aisle. If the plaintiff had tripped over the display itself instead of several loose boxes on the floor, then the plaintiff's assertion may have fit within

---

owner." <u>Id.</u> at 865. This case deals specifically with the second exception - when the defendant affirmatively creates the condition - and not the first exception. As a result, the plaintiff's reliance of <u>Rolin</u> for this particular proposition is misguided.

9

the plaintiff's proposed exception or the first recognized exception. However, the plaintiff stated specifically in her deposition that she did not trip over the display itself but instead tripped over three or four loose boxes which were on the floor near the display. (See Doc. 29-2, Jackson Dep., pp. 18, 23-24, 55-56). As a result, this court finds that a reasonable jury could not find for the plaintiff in regards to the first recognized exception or the plaintiff's proposed third exception.

Alternatively, the plaintiff asserts that she does not need to show actual or constructive notice because the hazard was affirmatively created by Wal-Mart's employees "by either presumably placing the boxes in the aisle or by not picking them up during one of its safety sweeps." (Doc. 29, p. 15). There is no evidence before this court from which a reasonable fact finder could determine that Wal-Mart or its employees affirmatively created the dangerous condition. First, there is no evidence that a Wal-Mart employee placed those three or four loose boxes in the aisle. Second, the plaintiff has not presented any evidence that a safety sweep was performed after the boxes were in position and prior to her fall nor is there any evidence that an employee had walked in that specific area prior to the incident. For all the evidence put forth, the boxes may have been dropped there by a customer only minutes before the plaintiff's fall.

## CONCLUSION

After due consideration of all matters presented and for the reasons set forth herein, it is hereby **ORDERED** that Wal-Mart's Motion for Summary Judgment (Doc. 25) is **GRANTED**.

**DONE and ORDERED** this 20th day of January, 2010.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE